UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jason Goudlock,                                                      Case No. 3:22-cv-2199

                 Plaintiff,

v.                                                        MEMORANDUM OPINION
                                                                    AND ORDER

Lt. Fuller, *et al.*,

                 Defendants.

## I.     INTRODUCTION

Plaintiff Jason Goudlock, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, filed this lawsuit against six employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). Goudlock alleged the named defendants violated his constitutional right by interfering with his use of the prison grievance system, and by retaliating against him for sending a letter to a local television news station complaining about the treatment of inmates on the mental health caseload, while Goudlock was incarcerated at the Toledo Correctional Institution in Toledo, Ohio. (Doc. No. 1). Defendants Corrections Officer Fuller, Corrections Officer Mullinax, Juan Hernandez, Jack Brown, Kimberly Henderson, and Melissa Cowell move for summary judgment on Goudlock's claims, arguing he failed to exhaust his administrative remedies before filing suit. (Doc. No. 11). Goudlock did not file a brief in response to the motion and the time to do so has expired. For the reasons stated below, I grant Defendants' motion.

## II.     BACKGROUND

On August 22, 2022, Goudlock was incarcerated at the Toledo Correctional Institution in a restrictive housing cell when Corrections Officers Fuller and Mullinax came to Goudlock's cell and

ordered him to give them his shoes. According to Goudlock, the officers sought to take Goudlock's shoes as punishment for an incident the previous day, when Goudlock allegedly kicked his cell door. (Doc. No. 1 at 4). Goudlock contends the officers should not have ordered him to give up his shoes because Lieutenant Ellis addressed the door-kicking incident with Goudlock on August 21 and did not take Goudlock's shoes. (*Id.*). Goudlock alleges Fuller and Mullinax took his shoes as retaliation against Goudlock for sending a letter to the local news media complaining about Fuller's mistreatment of inmates with mental health issues. (*Id.* at 5, 7).

Goudlock asserts Fuller and Mullinax denied him access to the institution's JPay computer kiosk to file an informal complaint and denied Goudlock's requests for printed forms to submit informal complaints. (*Id.* at 5). At some point that day, Goudlock mailed paper "kites" to all Defendants other than Fuller and Mullinax, complaining that Fuller and Mullinax had taken his shoes. (*Id.*). Defendants Hernandez and Brown responded to the kites addressed to them, informing Goudlock that his shoes were taken as a sanction for kicking his door. (Doc. Nos. 1-1 and 1-2). Goudlock was found to have violated two prison rules and sentenced to 60 days in restrictive housing. (Doc. No. 1-3).

### III.  STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its

resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV.  ANALYSIS

Defendants argue they are entitled to summary judgment on each of Goudlock's claims because Goudlock failed to exhaust his administrative remedies through the institution's grievance process. (Doc. No. 11 at 4-9). They also contend, in the alternative, that the Eleventh Amendment bars Goudlock's claims and that they are entitled to qualified immunity. (*Id.* at 9-11). Goudlock did not respond to Defendants' motion and his twice-extended deadline to do so has passed. (*See* Doc. No. 10) (setting Feb. 23, 2024 deadline for brief in opposition). (*See also* Doc. Nos. 14 and 17). Goudlock's failure to respond does not alter my analysis, as the burden remains on Defendants "to demonstrate that summary judgment is appropriate." *High Concrete Tech., LLC v. Korolath of New England, Inc.*, 665 F. Supp. 2d 883, 887 (S.D. Ohio 2009) (citing *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992), and *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). I conclude Defendants are entitled to summary judgment on their exhaustion affirmative defense and do not reach their alternate arguments.

The Prison Litigation Reform Act ("PLRA") generally requires inmates to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Inmates "properly exhaust administrative remedies" by completing "'the administrative review process in accordance with the applicable procedural rules,'" as set forth in a prison system's grievance policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Defendants have the burden to show Goudlock failed to exhaust his administrative remedies. *See, e.g., Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (citing *Jones*, 549 U.S. at 216).

The ODRC grievance policy contains a three-step process to address inmate complaints. *See* Ohio Admin. C. § 5120-9-31(J). Step one of the grievance process requires an inmate to "file an

informal complaint with the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." *Id.*, § 5120-9-31(J)(1). Viewed in the light most favorable to Goudlock, the kites Goudlock sent to Brown, Cowell, Henderson, and Hernandez arguably satisfy step one.

Step two of the grievance process provides that an inmate who is dissatisfied with the response to his informal complaint "may file a notification of grievance with the inspector of institutional services" within 14 days of receiving the informal complaint response. *Id.*, § 5120-9-31(J)(2). There is no dispute that Goudlock was not satisfied with the responses he received from Brown and Hernandez, or with the lack of response from Cowell or Henderson. (*See* Doc. No. 1 at 4-5).

But Goudlock did not file a grievance pursuant to step two. (Doc. Nos. 11-1 and 11-2). While an inmate may demonstrate "he should be excused from the PLRA's exhaustion requirement because his administrative remedies were unavailable," *Lamb v. Kendrick*, 52 F.4th 286, 294 (6th Cir. 2022), Goudlock failed to respond to Defendants' motion and thus has not offered any evidence to justify relief from the exhaustion requirement. Therefore, I conclude Defendants are entitled to summary judgment because Goudlock failed to properly exhaust his available administrative remedies.

## V. CONCLUSION

For the reasons stated above, I grant Defendants' motion and dismiss all claims in this case. (Doc. No. 11).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge